**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
JAMES ANTHONY BARNES,            :
                                 :    Civil Action No. 11-3555 (FLW)
              Plaintiff,         :
                                 :
         v.                      :    MEMORANDUM OPINION
                                 :
GLORIA THOMAS,                   :
et al.,                          :
                                 :
              Defendants.        :
```

**APPEARANCES:**

> JAMES ANTHONY BARNES, Plaintiff pro se
> #507188
> Mercer County Correction Center
> P.O. Box 8068
> Lambertville, New Jersey 08610

**WOLFSON**, District Judge

Plaintiff James Anthony Barnes, a state inmate presently confined at the Mercer County Detention Center in Lambertville, New Jersey, seeks to bring this civil action in forma pauperis, pursuant to 28 U.S.C. § 1915.  For the following reasons, Plaintiff's request to proceed in forma pauperis will be denied.

**BACKGROUND**

Plaintiff's Complaint alleges an unintelligible claim against Gloria Thomas, who he claims to be his biological mother and payee of his Social Security checks.  Plaintiff alleges that Thomas does not give him all of his funds, has given Plaintiff

heroin, emotional problems and constant harassment.  He states that he would like to have criminal charges brought against Thomas "for poisoning [his] intelligence with heroin [and] prescription medicine."  (Complaint, ¶ 7).[1]

## DISCUSSION

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to

---

[1]  The docket report incorrectly lists Mercer County, the Trenton Police Department, the Hamilton Police Department, the Ewing Police Department, and the Lawrence Police Departments as defendants in this matter.  The Court notes that this was an entry error as these defendants were listed in Plaintiff's present Complaint as named defendants in prior lawsuits. (Complaint, ¶ 2a).  There are no allegations asserted against these defendants in the instant Complaint.  Therefore, the Court will direct the Clerk of the Court to correct the docket by deleting these defendants accordingly.

enactment of PLRA count as "strikes" under § 1915(g)).  A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury."  Id.  When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger."  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed numerous civil actions in the District of New Jersey.  At least three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A.  See, e.g., Barnes v. Mercer County Court House, Civil No. 07-1194 (FLW); Barnes v. Trenton State Prison Medical Department, Civil No. 09-1604 (GEB); Barnes v. Trenton Police Department, Civil No. 09-5934 (JAP).

Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g).

In his Complaint, Plaintiff makes no allegations or claims of "imminent danger."  Rather, the allegations of the Complaint

3

are limited solely to past incidents concerning his mother apparently before he was confined.  As referenced above, the threat of imminent danger must be prospective and cannot relate to a past incident of harm as alleged here.  See Abdul-Akbar, 239 F.3d at 312.  Therefore, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to whether or not Defendant has violated any state or federal law, or otherwise violated Plaintiff's constitutional rights.  However, this Court finds that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of § 1915(g).

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g).  As set forth in the accompanying Order, Plaintiff's case will be administratively terminated.  Upon submission of the filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses.

 S/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated: July 20, 2011

4